Mr. Richards, are you ready to proceed? I am, Your Honor. You may approach. Thanks. Thank you, Your Honor. My name is Stephen Richards. I represent the appellate in this case. Oh, and good morning. Good morning. I represent the appellate in this case, Carl Francik, and he is present in court viewing the argument. The essence of this case is a matter of two things. One is there's a factual issue and there's a question of statutory interpretation. So as to the factual issue, the question is, is the conversation intelligible or not? And the person who heard the conversation in open court, the trier of fact, said it wasn't intelligible. And more specifically, he said he couldn't understand one word as it was presented by the State. He could hear that there was people speaking. He could hear that one adult voice was an adult voice and another voice was a child's voice. But he specifically found that it was unintelligible as presented to him, and I think that finding should stand. Now, he went on to hold that the statute does not require that the conversation be intelligible. And that is a legal issue, which obviously is to review de novo. In reviewing the facts, including the exhibits in the case, we look at everything collectively and decide whether or not the State has proven their case beyond a reasonable doubt. Would you agree? Yes, you do. So we have an independent obligation to review the record as well as the exhibits. You do. And you can review the exhibits. I would say, however, that in terms of how the case was presented to the trial court, which was in a particular manner and fashion, which he found that he could not understand anything. It was unintelligible. I know. You're an experienced lawyer. You know that we can look at the entire record and determine whether or not the evidence supports the final judgment, the judgment of guilty. And we can look at and listen to the exhibit ourselves. Well, in listening to the exhibit, we're utilizing the de novo standard, correct? In listening to the exhibit, I think it's an issue, there's a question as to whether you're listening, you can review it de novo by listening to the exhibit. I think that's a legal issue, which frankly, if you want my honest opinion. I'd love it. Of course. Most of your opinion should be honest. Right. I try. But I think it is, I think it's an unresolved question in the law. And I'll tell you why I think so, particularly. And this is not a case cited in the briefs, and actually it's not something one could use as precedent. But just to be, as I said, frank, there was a case called Mikael Ward, as a particular spelling, M-I-C-H-A-E-L, which the appellate court held that they could do a de novo review of an interrogation reporting to see whether certain things had been established in terms of assertion of right to silence. The state's, this is not a case stated in the state's brief, although they might have. The PLA, state's PLA was granted. It went to the Supreme Court where it argued it, and then it was affirmed by divided opinion 3-3, no opinion, no finding. So, I'm familiar with these issues. Who recused themselves? What? Who recused themselves? It was Justice, forgive me, the African American Justice, what? Neville? That's it. He recused himself, and I have no idea why. But, in any event, it's clear that it's, there is case law saying that when there's documentary evidence, there's de novo review. There's a lot of case law that says that. From way back. Yeah. Well, let me ask you this, though, counsel. What would the intent, what do you believe the legislative intent of the eavesdropping statute is? I mean, is it to preclude people from putting listening devices in someone's home or getting, putting a listening device without the consent of all parties? Is that what the intent is? I think. To preclude invasion of someone's privacy? I think the key words there are preclude invasion of privacy. Correct. If you try to record somebody and fail, what I suggest has happened is an attempt. It's an attempted wiretapping, and there's, every statute in Illinois has an attempt. You know, there's an attempt, part of it, or an attempt. So, if you put that listening device in, and you don't get any incriminating evidence, or you don't get any evidence that would, let's say, benefit you in your position in a divorce, then it's an attempt. Right. It would be an attempt, but it wouldn't be the co-ed offense of wiretapping, which is what my client was convicted of, which is a felony, as opposed to the attempt, which would be a misdemeanor. So it makes a big difference. So what makes a big difference is what ends up on that tape recording, that recording. Absolutely. Did you read the victim impact statement in this case, or were you there when the victim gave the victim impact statement? Yes, I was. I don't recall its details. I will tell you, I intervened in this case after the finding of guilty, before the motion for your trial. We did the motion for new trial. We did the sentencing. Because in her victim impact statement, she talks about how intrusive finding this device in her house was and how it made her basically, I'm rephrasing, but basically made her paranoid, and she felt violated, and everybody had to come in, or people came in and swept the house for other bugs. So the fact that an eavesdropping device is dropped in somebody's house, and the evidence that comes from it is not incriminating to her, you think that no harm, no fun? No. I think the harm is possibly an attempt, misdemeanor, and, of course, there's a harm in every crime almost involves harm of some sort. You didn't ask for a lesser included as in your first review. I did not, and I think that's, without instructions from my client to ask for it, I cannot and should not. But it's certainly possible. We could do it de novo ourselves. I cannot preclude that. I think the analogy would be, you know, if we were in a jury trial and we were at trial court level and my client told me don't ask for the lesser, I'm down by that. But that doesn't bind the state. It doesn't bind the judge. Let me ask you this. The plain language of the eavesdropping statute provides that it's an offense if an eavesdropping device is used for the purpose of overhearing, reporting, transmitting, or recording all or any part of any private conversation. So the plain language does not require that there's an actual recording of conversations, only that it is planted or used for the purpose of overhearing or recording, right? That's what the statute says. I think the reasonable interpretation of it, given the purpose of the statute and everything else, is that the recording or overhearing would be affected in some manner. Not perfectly, of course. But wouldn't we have to find the statute ambiguous before we – you would argue we should utilize the rule of lenity? Yes. And I think the statute on that point is ambiguous, particularly because if you – But why doesn't this plain language just – why don't we just read it as is? Well, I think – And my answer to that would be two – well, at least twofold. But first – and first, if that is the correct interpretation of the statute, then there is no attempt at wiretapping, and that would certainly be an anomalous result. There is a knowingly and intentionally verbiage prior to the statute. So in that – going to that, the device is in the kid's coat. Now, your client says, oh, he must have taken it off the counter, which somehow that's rebutted because the kid's too short to reach the counter. Do we take into consideration and make reasonable inferences based on the circumstantial evidence of your client's statements, i.e., calling the wife a narc, swearing at her, telling her he wants the device back? Was the court incorrect in taking that into consideration? And would we be incorrect in taking that into consideration? In terms of whether the conversation is intelligible and a violation of the statute, in fact, occurred, yes. You would be incorrect in taking into account whatever evidence there was that he was trying to do something or was connected to the device or whatever. Obviously, those are two separate issues. Two separate issues, but they're – you know, we have to look at both. Is it intelligible, and did he knowingly and intentionally utilize the device to eavesdrop? Oh, absolutely. And in our second argument, we make an argument as to reasonable doubt in general. Right. And those issues would go to reasonable doubt in general as opposed to reasonable doubt on the issue of intelligibility. Any other questions, Justice? No. Okay. Go ahead, sir. I'm sorry. No, I think I have made my argument, and the rest of it included in the briefs, and I hope I've answered Your Honor's questions. You do have an opportunity for rebuttal, so. And if I need to avail myself of it, I will. Thank you. I do have one more question. Sure. You cite Mansonburg for the proposition that the conversations must be audible. In that case, it was the video on the iPad device to record suspected sexual activity, and you said that that case answered the proposition that conversations must be audible. Yeah, as far as I can make out from the case. Now, let me say that the situation, first of all, I tried to thoroughly research this issue, not only in Illinois, but around the country, as you can tell. But not all the cases, the states that you went to, have the same eavesdropping statute as we do. Correct. And, you know, unless there was something wrong with my research, I basically could not find much of anything. Well, there is something wrong with your research, because Davis, the Supreme Court in 2021, said that the audio portion of a recording can be eliminated, and the video still stands on its own, unless there's some proof that the video portion was, you know, the fruit of the poisonous tree. And it's not, according to People v. Davis, which is a 2021 opinion from the Supreme Court. So, in other words, a police officer who's videotaping a drug buy, and one of the people who's in the transaction is not listed in the number of persons who can be overheard recorded, simply turn off the audio and play the video with live testimony. All right, so what you're saying is that explains the result of the massacre. Well, it explains that Massenburg was wrong to require an audible or intelligible conversation on the video. Well, that would be a novel argument, or not an argument that brought to my attention, anyway. Well, it would, you know, the court, the case did not cite Davis, and that was probably one of the problems with that case. It might have been, and again, it's a mention of the issue in an appellate opinion in which it was, and Massenburg was an unreported decision, and you did not note that in your brief. Yes, I'm sorry, but I think it was also past the time when you can cite, it was within the rule where you can cite, but it's only for persuasion of authority. Absolutely. That's all I have. Thank you. Thank you, counsel. Ms. Wells. One second, I'm sorry. Take your time. A lot of things. Your Honors, counsel, may it please the court. The first issue I want to talk about is the statutory interpretation, and we don't even get there, because it is an audible recording, the statute is unambiguous, and therefore this court would be issuing an advisory opinion if it even addressed whether the statute is unambiguous. The statute applied to unintelligible recordings. Did you listen to the recording? I did listen to the recording, and my brief lays out pages and pages of intelligible conversation that can be heard. The statute applies to private conversations that are intended to be private. This was an eavesdropping device that was within her home. As soon as she discovered the eavesdropping device, she took it outside, and she, as the court indicated during her victim impact statement, indicated how intrusive that violation was. The statutory interpretation rules, as Your Honor pointed out, we don't even get there because this is a clear and unambiguous statute, and the statute has to be applied as written. Even if we were to agree with counsel's interpretation, we can search the record and affirm on any basis supported by the record? Absolutely, Your Honor. Can we listen to the recording and agree with you that there are intelligible conversations? And I just think that the court misused, the trial court misused the word unintelligible. The trial court itself said it understood words here and there. I don't know if the trial court meant that it understood as much as I included in my brief, if the trial court had a hearing issue. The trial court specifically said if it was closer to the recording, there was evidence that when it was played in open court, there was some problems with the speakers. So I don't know if the trial court misspoke when it said unintelligible, but it certainly said I understood a word here and there. So regardless of counsel's argument, there are parts of this recording that are intelligible because the trial court said so itself. Well, how about Mr. Richard's position on behalf of his client that, you know, if it's unintelligible or there is really no evidence that is, and I don't want to put words in your mouth, Mr. Richards, but I'm thinking of the story I heard. If there is no testimony that is harmful or to the victim, what's the harm in the eavesdropping? There is nothing. He benefited nothing from the eavesdropping. Therefore, he should not be charged. Your Honor, I think that it goes to the definitions of eavesdropping. There is nothing in that statute that says that the eavesdropping has to be successful. And so this may be one of the cases in Illinois where there is not an attempt definition or there isn't an attempt. I don't know. That's not what we're here for today. But we know that the definition of eavesdropping requires that the defendant knowingly place the eavesdropping device surreptitiously for the purpose of recording or overhearing part or any part. Except that the statute does say uses an eavesdropping device for the purpose of. So is just placing the device a use? I mean, if my car is pulled into the driveway and I turn it off and go inside, I'm not using the vehicle for its purpose. It's using it for the purpose of overhearing. The statute itself does not indicate that the overhear or the eavesdropping has to be successful. The purpose, as I indicated from Merriam-Webster's dictionary, is the aim or the goal that one set. If we look at similar statutes, for example, the disorderly conduct statute is unauthorized videotaping. There are separate sections. The use of the device to listen or to video record, that's one provision. But later on there's another provision for just the installation of the device in particular places for the purpose of secretly video recording. That's a separate crime. So it lays it out in both sections. Here the eavesdropping statute is ambiguous to that extent because it doesn't really explain what is a use. For videotaping, a use is the placement and recording, but they're in separate sections. In the disorderly conduct statute, the court did decide to separate it into two separate offenses. That does not mean that the eavesdropping statute is ambiguous because the use can encompass both. And so just because it uses, it encompasses two different things that are in a different statute where it separated them out and includes it in one, does not make it ambiguous. We did have video recording when the eavesdropping statute was first enacted. It was 1974. Now we're in 2000, 2025. So technology has changed. Yes. And eavesdropping is not dealing with necessarily video recording. The crime deals with overhearing a private conversation, and a video doesn't show a private conversation. The video would show it, but you wouldn't have the purpose of hearing it or recording it. So I think the statute is different.  Yes. Ms. Wells, you were arguing here, you're arguing that it was, you could understand it, counsel's arguing it was not intelligible, but you also raised four issues. I did. Talk to me about that. Did the court want me to address forfeiture in the sufficiency of the evidence section? I think you said he forfeited any argument regarding the unintelligibility because they didn't raise that. Correct? I don't think I raised that. That is not my recollection. You're talking about on your footnote on page 9 of your brief. Yes. Okay. So they did forfeit it because they didn't raise it below. The trial court needed to address whether it was intelligible, and that was not raised in the post-trial motion. So that's why it was just your footnote, because it was so brief, and I was confusing that with the forfeiture argument from argument 2, which is a little more lengthy with the failure to develop argument. The sufficiency of the evidence argument. Yes, the sufficiency of the evidence, and it wasn't developed. The argument is with just a couple of sentences. It's conclusory, and this Court, it requires in Rule 341H7, requires that arguments be detailed and developed. I think that the argument, had I didn't cite to the record, because there was no record, is two sides of the same coin. He's required to cite to the record, and if he didn't cite to the record, then he's speculating that there is some evidence that just doesn't exist. But this Court has to look at all the reasonable inferences and the like most favorable to the State, and look at all the evidence the like most reasonable to the State. And as Your Honor pointed out, I believe it was Your Honor, his reaction was very telling to the Court as far as his intent, and as far as he was the one that placed it there, and it wasn't one-year-old E.F. who couldn't even reach the countertop. So the argument, we're no longer in a reasonable hypothesis of innocence state. The question is whether the evidence in the like most favorable to prosecution supports the verdict. And if we were still looking at reasonable hypothesis of innocence, maybe one-year-old E.F. is a likely suspect, but that's not the situation here. The evidence was what it was. And there was nothing indicating that one-year-old E.F. put the recording device in his pocket. And the Court found so. And the defendant had motive to place it? The defendant definitely had motive. And they were co-parenting, not very kindly with each other. And so he definitely had a motive, and the Court noted that. Yes. I'm not going to address Argument 3 extensively, the ineffective assistance of counsel. I don't believe they established prejudice in any way, shape, or form where the Court specifically says, I understood, and even if you perfected the impeachment, my decision would not have been any different. It would not have been any different. Yes. I knew exactly where I was going. So even the prejudice is not established, and the Court can decide it under Feast or Tice. I don't know which way to pronounce it. It can decide it on prejudice alone. But counsel was not deficient in his performance, as I highlighted in my brief as well, because he brought out so much other impeachment material. So if there are no other questions, I believe I've addressed all three arguments for Your Honors. Nothing further. Okay. Thank you. Okay. Thank you, Your Honor. Thank you. Mr. Richards, your rebuttal. Thank you, Your Honor. If you might give me a moment. Absolutely. All the time you need, as long as it's not in the minute. Your Honor, just to clarify the record as to what the trial judge did find, on page 73, I'm not going to quote the whole thing, but these are, I think, the determinant portions. He says, it sounded like it was spoken word. It sounded like it was spoken word. I think it was spoken word. I couldn't tell you one word. I could not determine one word. And then he went on to say maybe it was closer or enhanced in some way. But that was the evidence that was presented. As to the forfeiture argument on page 9 and a footnote to the brief, I'm not sure I understand this one. Defendant limits his argument on appeal to statutory interpretation as he claims the recording was unintelligible. That's certainly the fact of point one. That's what point one says. In terms of any waiver argument, we put this in the motion for new trial. We argued it extensively before the judge in argument, and the judge considered it. He fought it over a couple of times. So I don't think there's any waiver there, or I can't understand what the waiver forfeiture argument would be as to that issue. As to reasonable doubt, I don't think that's well taken, since we're almost exclusively pointing out things that were not in the record because the state didn't introduce evidence of them. And I can't cite to the record to show that they didn't introduce evidence. They didn't introduce evidence. And if there are no further questions. Anything further? Counsel. We would again ask the, ask that the court reverse the conviction outright. And we cannot prove the court for doing something else with respect to attempt, but my client is not the judge. Thank you. Thank you, counsel. Thank both of you for your arguments today. They were very interesting. And we will take this case under consideration, give a decision within due course. And for the moment, we're going to take a recess.